**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **MEGAN WAGGENER VAN METER**, on behalf of herself and all others similarly situated,<br><br>*Plaintiffs,*<br><br>v.<br><br>**MONDELEZ INTERNATIONAL, INC.**<br><br>*Defendant.* | Case No. 1:24-CV-07368<br>Judge Lindsay C. Jenkins |

**PLAINTIFF'S MOTION TO COMPEL AND TO EXTEND**
**CLASS CERTIFICATION BRIEFING DEADLINES**


Ryan F. Stephan
James B. Zouras
Justin M. Caparco
**STEPHAN ZOURAS, LLC**
222 W. Adams Street, Suite 2020
Chicago, Illinois 60606
312.233.1550
312.233.1560 *f*
rstephan@stephanzouras.com
jzouras@stephanzouras.com
jcaparco@stephanzouras.com

Matthew H. Morgan
Rebekah L. Bailey
Martin A. Sandberg
**NICHOLS KASTER PLLP**
80 South 8th Street, Ste. 4700
Minneapolis, MN 55402
Telephone: (612) 256-3200
morgan@nka.com
bailey@nka.com
msandberg@nka.com

## I. INTRODUCTION

Plaintiff had hoped to avoid this motion, but Mondelez still has not provided the information it promised Plaintiff, despite representing to the Court that it would do so by October 30, 2026. More than a year after Plaintiff first requested a complete list of products bearing the challenged sustainability claims, Mondelez still has not provided one. After months of emails and meet-and-confers, Mondelez finally "agreed to provide in writing certain requested information" about those products "by October 30, 2026." ECF No. 97, ¶ 1(c). Mondelez missed that deadline and has not committed to a production date. It also has not provided a declaration in lieu of testimony at a timely noticed Rule 30(b)(1) deposition addressing when products bearing the challenged labeling were available for purchase. These failures are preventing Plaintiff from completing her class certification motion.

Relying on Mondelez's commitment, Plaintiff agreed to the briefing schedule proposed in the parties' October 30, 2026, Joint Status Report, with her class certification motion and expert reports due December 3, 2026. ECF No. 97, ¶ 2. Without a complete product list and the dates when products bearing the challenged labeling were available for purchase, Plaintiff cannot finalize her motion, and her experts cannot complete their reports. Plaintiff anticipated this problem and expressly reserved her right to seek this relief in the parties' joint status reports last month. *See* ECF Nos. 93; 97, ¶ 1(c).

Plaintiff therefore asks the Court to: (1) Order Mondelez to produce a complete list of products bearing the challenged sustainability claims within 10 days; (2) Order

Mondelez to either produce a witness for Plaintiff's Rule 30(b)(1) deposition or to submit a corporate representative's declaration identifying, by month, day, and year, the dates when Oreo products bearing the challenged labeling and Oreo products bearing replacement labeling first became available for order or purchase by consumers or stores in California; and (3) Extend the class certification, expert disclosure, and remaining briefing deadlines by the amount of time between October 30, 2026, and Mondelez's production of the outstanding information.

## II. LOCAL RULE 37.2 CERTIFICATION

Plaintiff's counsel certifies that the parties exchanged numerous emails and met and conferred by videoconference on February 23, 2026, at 4:00 p.m. C.T.; July 10, 2026, at 10:30 a.m. C.T.; October 8, 2026, at 12:30 p.m. C.T.; and October 26, 2026, at 2:30 p.m. C.T., regarding missing packaging flats, a complete product list, and product availability dates. Despite Plaintiff's good-faith efforts to resolve these issues without court intervention, the requested discovery remains outstanding, necessitating this motion.

## III. BACKGROUND

Plaintiff brought this action alleging that Mondelez falsely labeled its products "100% Sustainable" despite using child slave labor and contributing to deforestation. On August 6, 2025, Plaintiff served interrogatories, asking Mondelez to identify products bearing the challenged sustainability claims:

> Identify all Mondelez products sold in the United States during the class period that displayed an ESG Label, the Cocoa Life Seal, or any other representation relating to sustainability, ethical sourcing, or environmental or social impact.

Exhibit A, *Mondelez's Answers to Plaintiff's First Set of Interrogatories*, No. 2. Mondelez responded with a table of product names but did not identify specific stock-keeping units ("SKUs").[1] Mondelez began producing documents on a rolling basis on December 31, 2025. On February 2, 2026, Plaintiff emailed Mondelez about missing Oreo packaging information. Exhibit B, *January 9, 2026, Email Chain*, at 14. Mondelez did not respond. Plaintiff followed up on February 6, asking that the Oreo data "be prioritized for production" because it was "important." Again, no response. On February 13, Plaintiff requested a meet-and-confer. *Id.* at 13. Mondelez wasn't available until February 23, so the meeting waited until then. On that call, Mondelez agreed to produce the outstanding documents as soon as possible. No documents followed immediately. Plaintiff requested an update on March 4.

On March 10, 2026, Mondelez reported that its latest production reflected "substantial completion" of its custodial production. *Id.* at 9. That production included some 90,000 documents, bringing Mondelez's total to approximately 160,000. After reviewing it, Plaintiff found that the relevant packaging data (among other information) was still missing. On April 20, Plaintiff requested an update on "historical versions of the OREO cookie labeling." *Id.* at 5. On April 24, Mondelez responded that it was providing certain packaging flats for the relevant products.

Plaintiff reviewed that production too and, again, found packaging flats missing. On May 14, Plaintiff asked Mondelez to "produce all additional packaging

[1] SKUs distinguish between product varieties and package sizes. Plaintiff needs that information to identify sales of products bearing the challenged labels and accurately estimate damages.

flats that contain the at-issue representations or otherwise confirm that none exist," consistent with Interrogatory No. 2. *Id.* at 3. Mondelez responded that it had "no objection to producing the packaging flats" and no issue providing a comprehensive list of products bearing the challenged representations. *Id.* at 2-3. Still, Plaintiff was left waiting for the promised list.

To keep the case moving, Plaintiff proceeded with depositions despite the outstanding discovery. On June 29, 2026, Plaintiff deposed Justin Parnell, one of Mondelez's corporate representatives. Plaintiff asked, "[w]hich Oreo products was [the sustainability] labeling placed on?" Parnell could not identify "every specific SKU" but acknowledged that the labeling appeared "generally" on OREO cookies. Exhibit C, *Justin Parnell Dep.*, 67:19–25.

On July 8, Plaintiff again requested an update on the comprehensive product list and asked that Mondelez produce it by July 15. Exhibit D, *July 8, 2026, Email Chain*, at 3. Mondelez would not commit to that date, so Plaintiff requested a meet-and-confer before seeking court involvement. *Id.* at 2. During the July 10 call, Mondelez confirmed that it was preparing the list but would not finish by July 15.

Mondelez finally produced the list on July 25, 2026, but that list was incomplete. After comparing it with Mondelez's packaging flats and sales data, Plaintiff identified additional SKUs not included in Mondelez's list.

On October 7, 2026, Plaintiff served a Notice of Deposition pursuant to Rule 30(b)(1). Plaintiff sought to depose a Mondelez representative most knowledgeable about the Oreo products identified in Defendant's July 25, 2026, email referenced

above. Exhibit E, *October 7, 2026, Email Chain*, at 2; *see also* Exhibit F, *Morgan Decl.*, ¶ 3. Specifically, Plaintiff sought information pertaining to the dates (by month, date and year) on which such Oreo products became available for any consumer to purchase in California as well as the dates (by month, date and year) on which such products were no longer available to purchase in California. *Id.*

Within hours of service, Mondelez asked to meet and confer about the Notice. Ex. E, at 2. The parties spoke on October 8, 2026. On October 13, 2026, Counsel for Plaintiff confirmed an agreement that would allow Mondelez to provide written responses to the requested information in lieu of a deposition. Ex. F, ¶¶ 3-4. The parties met again on October 26, 2026, to discuss the specific missing packaging flats, and Plaintiff followed up by email with the corresponding SKUs. Exhibit G, *October 26, 2026, Email Chain*, at 1-2.

The parties filed the first of two Joint Status Reports on October 16, 2026. ECF No. 93. The parties advised the Court that fact discovery would be "substantially complete" by October 23, 2026. *Id.* They, however, identified several outstanding items that may not be completed by the deadline, including continued document production as well as the product-related information sought by the agreement in lieu of the Rule 30(b)(1) deposition as discussed above. *Id.* at ¶¶ 1(b), 1(c). Notably, Plaintiff reserved the right to move to compel the information or otherwise re-notice and take the Rule 30(b)(1) deposition. *Id.* The parties requested leave to file a Joint Status Report on October 30, 2026, to update the Court on the outstanding discovery items, and to offer a proposed schedule for class certification, expert disclosures and

any related *Daubert* motions. *Id.* at ¶ 3. The Court issued a Minute Order on October 20, 2026, adopting the parties' request. ECF No. 94.

On October 30, 2026, the parties filed their second Joint Status Report. ECF No. 97. The parties advised that while Defendant produced documents on October 27th and 29th, Defendant intended to continue making productions. *Id.* at ¶1(b). They further advised that Defendant intended to produce the information sought by the Rule 30(b)(1) deposition on October 30, 2026. Like the first Joint Status Report, Plaintiff reserved her rights to compel the outstanding discovery if necessary. *Id.* at ¶¶ 1(b)(c). The parties also proposed deadlines for Plaintiff's class certification motion, the parties' class certification expert disclosures and any related *Daubert* motions. *Id.* at ¶ 2. The Court adopted the parties' proposed deadlines on November 2, 2026. ECF No. 98.

October 30, 2026, passed without the updated list or the related information requested by the 30(b)(1) notice. Plaintiff requested updates on November 6 and November 10. Exhibit H, *October 20, 2026, Email Chain*, at 1-2.

On November 10, 2026, Mondelez responded that it was still trying to identify "the precise SKUs that were affected by the labeling change and the precise dates on which each version of the labeling became available to order on a SKU-by-SKU basis." *Id.* Plaintiff explained that, without the promised data, she could not meet the December 3, 2026, class certification deadline. *Id.* Plaintiff asked Mondelez to provide a firm production date so she could determine whether court intervention was

necessary. Mondelez did not respond, leaving Plaintiff with no choice but to file this motion.

## IV. ARGUMENT

### A. The Court should compel the prompt production of a complete list of products bearing the challenged sustainability claims.

Mondelez does not dispute that the SKUs of products bearing the challenged sustainability claims are discoverable. *See Clay v. Cytosport, Inc.*, 2016 WL 6082314, at *8 (S.D. Cal. Oct. 18, 2016) (compelling complete interrogatory responses identifying class products' UPCs and labels). Interrogatories must be answered fully in writing under oath. Fed. R. Civ. P. 33(b)(3). An incomplete answer is treated as a failure to answer and is subject to an order compelling a complete response. Fed. R. Civ. P. 37(a)(4).

Plaintiff served Interrogatory No. 2 in August 2025; more than fifteen months later, Mondelez still has not identified all products bearing the challenged claims. The list it produced on July 25, 2026—after ten months of follow-up and meet-and-confer discussions—was incomplete. When Plaintiff identified omissions and noticed a deposition, Mondelez agreed to provide answers in writing instead of producing a witness. It then assured Plaintiff and the Court that it would provide the outstanding product list "by October 30, 2026." ECF No. 97, ¶ 1(c). Mondelez missed that deadline and has not committed to a new production date. The Court should now compel a complete answer and, if necessary, order Mondelez produce a witness consistent with the properly noticed 30(b)(1) deposition.

### B. The Court should extend Plaintiff's deadline to move for class certification.

A scheduling order may be modified for good cause. Fed. R. Civ. P. 16(b)(4); *see also* Fed. R. Civ. P. 6(b)(1)(A). The primary consideration is the moving party's diligence. *Alioto v. Town of Lisbon*, 651 F.3d 715, 720 (7th Cir. 2011). Good cause exists here. Plaintiff diligently pursued a complete product list through written discovery, repeated follow-ups, meet-and-confer discussions, and a deposition notice. Indeed, Plaintiff agreed to the December 3 deadline in reliance on Mondelez's representation to the Court that it would provide the outstanding product and labeling information by October 30. ECF No. 97, ¶ 1(c). Without a complete list, or the dates by which the at-issue products were available for purchase by the customers, Plaintiff cannot confirm the full universe of products at issue, and her experts cannot finalize their reports. The Court should therefore extend the class certification, expert disclosure, and remaining briefing deadlines by the amount of time Mondelez takes to produce the complete list after October 30, 2026.

## V. CONCLUSION

For these reasons, Plaintiff respectfully requests that the Court:

1. Order Mondelez to produce a complete list of products bearing the challenged sustainability claims within 10 days;

2. Order Mondelez to either produce a witness for Plaintiff's Rule 30(b)(1) deposition or to submit a corporate representative's declaration identifying, by month, day, and year, the dates when Oreo products bearing the challenged labeling

and Oreo products bearing replacement labeling first became available for order or purchase by consumers or stores in California; and

3. Extend the class certification, expert disclosure, and remaining briefing deadlines by the amount of time between October 30, 2026, and Mondelez's production of the outstanding information.

Dated: November 20, 2026

By: /s/ *Justin M. Caparco*
Justin M. Caparco
*Counsel for Plaintiff*

**STEPHAN ZOURAS LLC**

**CERTIFICATE OF SERVICE**

I, the attorney, hereby certify that on November 20, 2026, I filed the attached with the Clerk of the Court using the electronic filing system which will send such filing to all attorneys of record.

*/s/ Justin M. Caparco*